IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION No. 3:26cv00859

| | |
|---|---|
| SEA GRILL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>210 EAST TRADE STREET HOLDINGS, LLC AND CBRE, INC.,<br><br>Defendants. | **NOTICE OF REMOVAL** |

Defendants 210 East Trade Street Holdings, LLC and CBRE, Inc. (collectively "Defendants"), by and through their undersigned counsel, hereby give notice of removal of the action styled *Sea Grill, LLC v. 210 East Trade Street Holdings, LLC and CBRE, Inc.*, Case No. 26CV046968-590 from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for removal respectfully show the Court the following:

## STATEMENT OF THE CASE

1. On August 18, 2026, Plaintiff Sea Grill, LLC ("Plaintiff") filed its complaint in the Superior Court of Mecklenburg County, North Carolina, styled *Sea Grill, LLC v. 210 East Trade Street Holdings, LLC and CBRE, Inc.*, Civil Action No. 26CV046968-590 (the "State Court Action").

2. On September 10, 2026, Defendant 210 East Trade Street Holdings, LLC ("East Trade Street Holdings") was served with process on its registered agent via certified mail, return receipt requested.

3. On September 10, 2026, Defendant CBRE, Inc. ("CBRE") was served with process on its registered agent via certified mail, return receipt requested.

4. Plaintiff has a lease with East Trade Street Holdings for the rental of two commercial suites at the property commonly called the Queen City Quarter (the "Lease"). (Compl. ¶¶ 1–3.) CBRE is the property manager of the Queen City Quarter and agent of East Trade Street Holdings with respect to the Lease. (Compl. ¶¶ 7, 43.)

5. Plaintiff alleges in the State Court Action that East Trade Street Holdings breached the Lease by overcharging it for common area maintenance, insurance, taxes, utilities and other additional rent. (Compl. ¶¶ 28–42.)

6. Plaintiff further alleges that East Trade Street Holdings and CBRE committed fraud by knowingly issuing tenant statements reflecting inflated charges and demanding payment for these improper charges. (Compl. ¶¶ 43–61.)

7. Plaintiff seeks compensatory damages from East Trade Street Holdings for breach of the Lease, plus damages from both East Trade Street Holdings and CBRE for fraud based on the issuance of the allegedly false tenant statements. (Compl. ¶¶ 42, 61.)

## STATEMENT OF JURISDICTION AND GROUNDS FOR REMOVAL

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

9. Venue is proper in this Court because the State Court Action is pending in the General Court of Justice, Superior Court Division, Mecklenburg County, which is within the district and division of this Court. *See* 28 U.S.C. § 1441(a).

10. The State Court Action is removable and this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 because (a) complete diversity of citizenship exists between Plaintiff and Defendants, and no defendant is a citizen of North Carolina; and (b) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. A corporation is a citizen of the state(s) of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

13. Plaintiff is a limited liability company organized and existing under the laws of North Carolina. (Compl. ¶ 19.)

14. Upon information and belief, Plaintiff has a single member, Mikhail Grigorovich, who is an individual that is a citizen of North Carolina. Accordingly, Plaintiff is a citizen of North Carolina. *See Central West Virginia Energy*, 636 F.3d at 103.

15. East Trade Street Holdings is a limited liability company organized and existing under the laws of Maryland.

16. East Trade Street Holdings has a single member, Deutsche Bank Trust Company Americas, as Trustee, on behalf of the registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2014-GC22.

17. Deutsche Bank Trust Company Americas is a corporation organized and existing under the laws of New York and has its principal place of business in New York. Accordingly, East Trade Street Holdings is a citizen of New York. *See id.*

18. CBRE is a corporation organized and existing under the laws of Delaware with its principal place of business in Texas. Accordingly, CBRE is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

19. The parties' citizenship is completely diverse because the citizenship of Plaintiff is different from the citizenship of Defendants.

20. Defendants need only plausibly allege that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

21. Plaintiff disputes the $66,584.80 in delinquent rent that East Trade Street Holdings demanded on August 7, 2026, (Compl. ¶ 11, Ex. 5,) and it seeks a declaratory judgment determining the amount it owes under the Lease. (Compl. ¶ 18, p. 12.)

22. In addition, Plaintiff alleges that East Trade Street Holdings has overcharged it repeatedly throughout the Lease term, (Compl. ¶ 37,) and seeks to recover the excess rent it has allegedly paid. (Compl. ¶¶ 42, 61.) Plaintiff alleges that East Trade Street Holdings overcharged it "tens of thousands of dollars" over the course of the Lease term. (Compl. ¶ 13, Ex. 4.)

23. Plaintiff further seeks punitive damages from East Trade Street Holdings. (Compl. p. 13.)

24. As of August 2026, Plaintiff disputed $66,584.80 in delinquent rent. Since then, Plaintiff has continued to withhold rent payments, bringing the total amount of delinquent rent as of September 24, 2026 to $82,564.57, and Defendants anticipate the amount in dispute will continue to increase due to Plaintiff's failure to pay its rent and all charges in full each month.

25. Therefore, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## SATISFACTION OF PROCEDURAL REQUIREMENTS

26. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are true and accurate copies of all records appearing on the docket in the State Court Action, which is inclusive of all "process, pleadings, and orders served upon … [D]efendant" through the filing of this notice of removal.

27. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ."

28. All defendants consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

29. In accordance with 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Defendants will give written notice to Plaintiff and will file a copy of this Notice of Removal with the Clerk of Superior Court of Mecklenburg County, North Carolina. Attached hereto as **Exhibit B** is a true and accurate copy of the Notice (without exhibits) being provided to the Clerk of Superior Court of Mecklenburg County.

30. Contemporaneously herewith, Defendants are filing their disclosure statements in accordance with Federal Rule of Civil Procedure 7.1.

WHEREFORE, Defendants pray that this Court take jurisdiction of this action, that this action proceed in this Court as one properly removed to it, and for such other and further relief as the Court may deem just and proper.

THIS the 9th day of October, 2026.

/s/ James J. Hefferan, Jr.
James J. Hefferan, Jr.
N.C. State Bar No. 31579

/s/ Lex Erwin
Lex M. Erwin
N.C. State Bar No. 34619

Susan H. Boyles
N.C. State Bar No. 20877
**Kilpatrick Townsend & Stockton LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7495
Facsimile: 336 734 2622
jhefferan@ktslaw.com
sboyles@ktslaw.com
*Attorneys for Defendant 210 East Trade Street Holdings, LLC*

Christian W. Harrison
N.C. State Bar No. 63950
**Maynard Nexsen PC**
227 W. Trade Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 339-0304
Facsimile: (704) 338-5377
charrison@maynardnexsen.com
lerwin@maynardnexsen.com
*Attorneys for Defendant CBRE, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed today using the Court's CM/ECFsystem and served upon counsel for Plaintiff by placing the same in the United States mail, properly addressed and postage prepaid as follows:

Jacob A. Johnson
**ROBERTSON & ASSOCIATES, P.A.**
2730 East W.T. Harris Boulevard, Suite 101
Charlotte, North Carolina 28213
Telephone: (704) 597-5774
E-mail: jajohnson@rlrobertson.com

This 9th day of October, 2026.

/s/ Lex Erwin
Lex M. Erwin
N.C. State Bar No. 34619
**Maynard Nexsen PC**
227 W. Trade Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 339-0304
Facsimile: (704) 338-5377
lerwin@maynardnexsen.com
*Attorneys for Defendant CBRE, Inc.*